142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ivan B. FRAAZA, Defendant-Appellant.
 No. 97-3863.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued March 4, 1998.
Decided March 12, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 97-CR-32-C-01, Barbara B. Crabb, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JESSE E. ESCHBACH, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 In April 1997, Ivan Fraaza was indicted on nine counts of odometer tampering in violation of 15 U.S.C. §§ 1984 and 1990(c) and nine counts of making false odometer disclosure statements in violation of 15 U.S.C. § 1988 and 1990(c). In August 1997, Fraaza pleaded guilty to one count of making false odometer disclosure statements. Fraaza was sentenced to ten months in prison, fined $10,000, and ordered to pay $14,992.50 in restitution. Fraaza appeals the sentence contending that the government failed to establish that the amount of loss suffered by the victims under U.S.S.G. § 2F1.1 was over $10,000.
 
 
 2
 Fraaza owned a used car dealership in Ringle, Wisconsin from 1982 to 1994. In 1993, the Wisconsin Department of Transportation conducted an investigation and determined that between April 1992 and May 1993 Fraaza had altered the odometers on nine vehicles, eight of which had been sold. The total number of miles removed by Fraaza was 299,939. See Presentence Investigation Report (PSR), p 32. The PSR concluded that Fraaza's base offense level was six. See U.S.S.G. § 2N3.1 and § 2F1.1(a).
 
 
 3
 The PSR identified four possible methods to calculate the amount of loss. First was a calculation from a local used car dealership which estimated the amount overpaid by the customers to be a total of $5,780. The second method noted was "book value," or the value of the car after deductions per mile driven. The PSR stated that automobile industry figures of the appropriate per mile deductions were $.06 and $.10. With the total number of miles removed of 299,939, the loss estimate at $.06 is $17,996.34 and $29,993.90 at $ .10 per mile removed. As a third method, the PSR noted that some courts use $4,000 per vehicle as an appropriate loss estimate for odometer tampering, which would result in a loss estimate of $32,000 for the eight cars. As a fourth estimate, the Department of Transportation investigator stated that every customer would be required to surrender their titles to the DOT in order to have it stamped with "odometer tampering verified." According to the investigator, such a stamp would reduce the value of the cars by 50%: with an original total purchase price of $29,985, an estimated loss of 50% would be $14,992.50. Finally, in his objections to the PSR, Fraaza submitted an estimate from a local car dealer that the amount of loss for the eight cars based on the difference between the purchase price and the estimated value was $4,690.
 
 
 4
 The PSR concluded that with a range of $5,780 to $32,000, an appropriate estimate for the amount of loss caused by Fraaza was between $10,000 and $20,000, which would lead to a three-level increase in Fraaza's base offense level of six. Further, U.S.S.G. § 2F1.1(b)(2)(A) and (B) provides for a two-level increase if the crime involved more than minimal planning or had more than one victim. Accordingly, two levels were added. Finally, with a recommended two-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), the total offense level estimated by the PSR was nine. The Guidelines indicate a range of imprisonment of four to ten months for a total offense level of nine and a Criminal History Category of I. See U.S.S.G., Ch. 5, Part A (Sentencing Table). The statutory maximum is three years. See 15 U.S.C. § 1988 and 1990(c). The district court agreed that the appropriate loss estimate was $10,000 to $20,000 and sentenced Fraaza to ten months in prison.
 
 
 5
 The amount of loss determination by the district court is reviewed for clear error. United States v. Liporace, 133 F.3d 541, 546 (7th Cir.1998); United States v. Ross, 77 F.3d 1525, 1552 (7th Cir.1996). Fraaza argues that the $10,000 to $20,000 amount of loss estimate was erroneous because "[t]here is no rational connection between the calculations employed by the court and the actual loss to the victims." Def.Br. at 9. Fraaza asserts that the estimate based on 50% of the value of the cars was inappropriate because the cars were between nine and thirteen years old and probably were not purchased for their resale value. Consequently, Fraaza argues that the district court's estimate that the value of the cars may have decreased by 50% should not have been used in this case as it was not supported by any empirical evidence. He also contends that the $.06 decrease per mile driven to calculate "book value" was improper because two estimates of the actual loss (i.e., the difference between the purchase price and the actual value) were presented. Further, he states that the $.06 figure does not account for differences among cars, such as the type or age of car.
 
 
 6
 Fraaza's arguments lack merit. The commentary to § 2F1.1 specifically states that "[t]he loss need not be determined with precision" and that the "court need only make a reasonable estimate of the loss, given the available information." See U.S .S.G. § 2F1.1, comment. (n.8). Further, the commentary states that "[i]n a case involving a misrepresentation concerning the quality of a consumer product, the loss is the difference between the amount paid by the victim for the product and the amount for which the victim could resell the product received." U.S.S.G. § 2F1 .1, comment. (n.7(a)). The district court was provided with five different loss calculations and based its decision on two of them: a 50% estimated loss per car based on the amount paid by the defrauded customers and an estimated loss of $.06 per mile removed from the cars. The district court rejected the appraised loss figure by the defendant because the difference between the sale price and the fair market value as submitted by the defendant did not account for the full decrease in value to the cars. See Tr. of Sent. Hearing at 4 ("[T]here is a basis to look at this as though these people have just purchased something that is absolutely worthless; not that they got something that is worth less than they paid for"); see also PSR, p 62 (listing elements of consumer loss associated with odometer fraud, including insurance, lost time, additional finance charge, and maintenance costs). Although Fraaza asserts that his estimate from an experienced salesperson should be used, he provides no basis for his assertion that his estimates are any more reliable than those chosen by the court.
 
 
 7
 In light of the range of estimates between $4,690 and $32,000, an estimated loss range of $10,000 to $20,000 is not clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").
 
 
 8
 AFFIRMED.